IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HILARIO PENA AND | : | |
| MARIA E. PENA | : | |
| *Plaintiffs,* | : | |
| | : | CIVIL ACTION NO. _____ |
| VS. | : | |
| | : | |
| TRAVELERS LLOYDS OF TEXAS | : | |
| INSURANCE COMPANY | : | |
| AND JOEY RAMON | : | |
| *Defendants,* | : | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, **THE TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("Travelers")** (hereinafter sometimes referred to as **"Defendant"**) and file this it's Notice of Removal and would show the Court as follows:

**I.**

On September 09, 2015, Hilario Pena and Maria E. Pena (hereinafter "Plaintiffs") filed suit against Defendants in the 107th District Court of Cameron County, Texas for alleged breach of contract, Texas Insurance Code and Texas Deceptive Trade Practices Act violations, and breach of duty of good faith and fair dealing, fraud. Travelers was served with Plaintiffs' Original Petition on August 22, 2016. This was the first pleading served on Defendants. At the time suit was filed and at the time of removal:

**A.**    **Diversity Exists**

1)    Plaintiff is a citizen of the State of Texas;

2)    Travelers is an unincorporated Lloyds plan insurance association that sells insurance under a Lloyds Plan pursuant to Texas Insurance Code Chapter 941, whose underwriters are all citizens of the State of Connecticut.  See affidavit of Jeffrey Slack attached as Ex. A.   None of the underwriters are citizens of the State of Texas; "[The] citizenship of an unincorporated association. . . is determined. . . solely by the citizenship of its members." *Ponton v. Allstate Texas Lloyd's*, No. H-10-4842, 2011 WL 2837592 (S.D. Tex. July 18, 2011);

3)    Ramon is improperly joined and therefore his citizenship should not be considered.

4)    Complete diversity exists between Plaintiffs and Travelers.

5)    Although Ramon has not been officially served, he consents to this removal.

**B.**    **The Amount In Controversy Meets The Jurisdictional Requisite**

Plaintiffs in their petition allege only monetary damages between $100,000.00 to $200,000.00. The matter or amount in controversy between **Travelers** and Plaintiffs exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## II.

## DIVERSITY OF PARTIES - IMPROPER JOINDER

**A.     The Court Should Disregard Joey Ramon's Citizenship Because He Has Been Improperly Joined in this Action and Should Be Dismissed**

Plaintiffs improperly joined Ramon solely to defeat diversity. Plaintiffs' Original Petition brings causes of action against Ramon for "Unfair Insurance Practices" under Chapter 541 of the Tex. Ins. Code.   There is no possibility that Plaintiffs can recover against Ramon on the claims alleged by Plaintiffs in their Original Petition.

The presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. See *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Improper joinder is established where the defendant shows: (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

In determining whether a non-diverse defendant had been improperly joined to defeat diversity jurisdiction by examining the sufficiency of the claims stated against the non-diverse defendant, the Fifth Circuit Court of Appeals held that Federal Courts are required to use the federal pleading standard (requiring claims to be plausible on the face) rather than the more lenient Texas pleading standard. *Int. Energy Ventures Mgmt., L.L.C. v. United Energy Group, ltd*, 818 F 3d 193, 203 (2016).   The court went on to say "at

bottom, the improper-joinder analysis in the context of removal and remand is solely about determining the federal courts jurisdiction. That is it.   As state courts never consider the scope of such jurisdiction, this analysis applies to federal courts exclusively. When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings". *Id* at 202 Furthermore, *Smallwood* requires a Rule 12 (b)(6) type analysis of the complaint to determine whether the plaintiff stated a claim, looking initially at the allegations of the complaint. *Smallwood,* 385 F. 3d at 573. See also *International Energy* at 206.  To pass muster under Rule 12 (b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face.  *Id*.  In a case that has been removed to federal court on the basis of diversity, the determinative question is whether – under federal law- a non-diverse defendant was improperly joined. *International Energy* at 202.

**B.**     **No Plausible Reason to Join**

"There does not appear to be any reason in the instant action why [Ramon] would have been joined as a defendant other than to defeat diversity jurisdiction. Presumably [Travelers] is solvent and would be able to respond to whatever judgment might be entered against it.  There is no suggestion that a recovery by plaintiffs against [Ramon] would provide any financial gain to plaintiffs." See *Plascencia v. State Farm Lloyds and Feliciano Gallegos,* 4:14-CV-524-A p.397 (N.D. Tex. Sept. 25, 2014)

**C.    No Service on Adjuster Ramon**

The court in *Daugherty* denied Plaintiff's motion to remand on diversity grounds when the plaintiff did not make any attempts to serve the defendant insurance adjuster. *Daugherty v. State Farms Lloyds,* 2001 WL. 1041817 (N.D. Tex., August 30, 2001); see also *Griggs v. State Farms Lloyds*, 181 F. 3d 694, 699 (5th circuit 1999). The State Court record shows that there had been no attempt by plaintiff to serve Ramon. See Tab 9 to the Index of Matters Being Filed.   The lack of service gives an inference that plaintiff does not intend to pursue claims against the adjuster. See *Daugherty* at*2.   Therefore, the evidence clearly shows that plaintiff does not intend to actively pursue claims against Ramon.

**D.    Boilerplate/Generic Pleadings of Causes of Action and Conduct Against Ramon**

Evidence of improper joinder is boilerplate pleadings which were "vividly demonstrated to be present by [other] nearly worded complaints (petitions)..." *Plascencia* at 395. Plaintiffs' counsel filed previous lawsuits against Travelers and a different adjuster other than Ramon.   The allegations against the adjuster in the prior lawsuits are identical to the allegations against Ramon in this lawsuit.   Compare Exhs. B., C., D., E., and F. Original Petitions.

**E.**   **Plaintiff Cannot Establish a Cause of Action Against Ramon Under Chapter 542 of the Texas Insurance Code**

Plaintiff claims that Ramon violated Tex. Ins. Code § 542.003(b)(5) of the Prompt Payment of Claims Act.   Chapter 542 only applies to an insurer authorized to engage in business as an insurance company or to provide insurance in this state. See Tex. Ins. Code § 542.052. Accordingly, only an insurer can be held liable under Chapter 542. See Tex. Ins. Code § 542.060(a) ("If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.).

Ramon is not an insurer authorized to engage in business as an insurance company or to provide insurance in this state nor does Plaintiff allege that Ramon is an insurer authorized to engage in business as an insurance company or to provide insurance in this state. Because Ramon cannot be held liable under Chapter 542, Plaintiff cannot establish a claim against Ramon for violations of Chapter 542 as a matter of law. See *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N. D. Texas, Dallas Div., Apr.7, 2014).

**F.**   **Plaintiff Cannot Establish a Cause of Action Against Ramon Under the Texas Administrative Code Chapter 21 or Chapter 541 of the Tex. Ins. Code**

These allegations against Ramon are not actionable as a matter of law, as they are either the same claims asserted against Travelers or the purported facts do not support recovery under the cited statutory provisions.

The Fifth Circuit has held that in order to find a reasonable possibility that a Texas Court would allow recovery against an insurance adjuster, the plaintiffs must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). When an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011) (certain paragraphs in the petition were directed to the adjuster, but for the most part merely tracked the statutory provisions, alleging only that [the adjuster] inspected the property and that he submitted an undervalued repair estimate; these actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions); see also *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-CV-4519, 2012 WL 4052914, at *3 (S.D. Tex Sept. 13, 2012) (dismissing insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer").

With respect to Plaintiffs' claims against Ramon, Plaintiffs allege he ignored covered damages, failed to conduct a thorough investigation, failed to properly adjust the claim, failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate, failed to respond to requests for information from the plaintiffs, failed to timely evaluate, failed to timely and properly estimate, and failed to timely report to Travelers. Exh. "B", pp. 8-10, ¶ VI. Plaintiffs generally allege causes against Ramon for violations of Texas Administrative Code §§ 28 TAC 21.203(5) and Tex. Ins. Code §§ 541, 541.060, and 542.003(b)(5) Plaintiffs allege the same causes against Travelers.

As is evidenced by the virtual identical allegations to the Defendants in the Petition, Ramon's actions are basically indistinguishable from Travelers. As such, no claim can be sustained against him individually.   *Messersmith*, 10 F. Supp. 3d at 724. ("[F]or an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage."). See also *One Way Investments, Inc. v. Century Sur.Co.*, No. 3:14-CV-2839-D, 2014WL 6991277, at *4  (N.D. Tex. Dec. 11, 2014). *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, 4:14-CV-00524-A(N.D. Tex. Sept. 25, 2014) (The court noted that there was no reason for the plaintiff to join the adjuster other than to defeat diversity jurisdiction). Also see, *Gonzalez v. State Farm Lloyds* No. 4:15-CV-305-A, 2015 US Dist. LEXIS 67979. In *Gonzalez*, the Northern District of Texas issued a

combined memorandum opinion and order that addressed issues common to three separate actions asserted against State Farms Lloyds. The Court in *Gonzalez* analyzed the state court pleadings in each of the three cases and concluded that the claim adjusters were named as defendants for the purpose of attempting to defeat Federal Court jurisdiction. See *Gonzalez* at *5. The Court concluded that none of the claims asserted against the adjuster in any of the three actions would survive a motion to dismiss for failure to state a claim upon which relief may be granted with the consequence that the adjusters' citizenship should be disregarded in determining whether diversity jurisdiction exist. See *Gonzalez* at *5 Thus, even though Plaintiffs include separate allegations against Ramon, as in *Plascencia*, there was no reason to join the adjuster other than to defeat diversity jurisdiction. Plaintiffs' allegations are insufficient to support an interpretation that it could recover against Ramon individually.

## III.

## CONCLUSION

Federal removal jurisdiction is appropriate because this action is one over which this Court has diversity jurisdiction under 28 U.S.C. §1332, as amended; is one which may be removed to this Court under 28 U.S.C. §1441; and is properly and timely removable pursuant to 28 U.S.C. §1446(b). The right of removal is a substantial right, and it has been held that federal courts should be astute not to permit devices to become successful which are used for the very purpose of destroying that right. See *Jones v.*

*Mosher*, 107 F. 561, 564 (8th Cir. 1901). Federal courts have held that creation of a nominal or fraudulent non-diverse party will not be condoned by allowing remand. *Nazario v. Deere & Co.*, 295 F. Supp.2d 360, 364 (S.D.N.Y., Dec. 17, 2003); *citing Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984); See also *Deutchman v. Express Scripts, Inc.* No. 07-CV-3539, 2008 WL 3538593, at *4 (E.D.N.Y. Aug. 11, 2008).

## IV.

True copies of all documents required by Local Rule 81 are being filed with this Notice of Removal.

## V.

Timely notice of this removal is being provided to Plaintiffs and to the State District Court where this suit originated.

**WHEREFORE, PREMISES CONSIDERED, Defendants** pray that the action pending against them in the 107th Judicial District Court of Cameron County, Texas, be removed therefrom to this Court and for any further relief to which they may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Box 1429
Harlingen, Texas 78551-1429
956/428-7495 (Phone)
956/428-2954 (Fax)

By: _____
**LESLIE LOCKHART**
State Bar No. 24036980
Federal I. D. No. 737979
Email: leslockhart@adamsgraham.com
Attorneys for *Defendant* TRAVELERS LLOYDS OF
TEXAS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded *via E-Filing* on this 21st day of September, 2016, to the following counsel of record and interested parties:

Robert Pollom                          robert@krwlawyers.com
Mahsa Tajipour                         mahsa@krwlawyers.com
**KETTERMAN ROWLAND & WESTLUND**
16500 San Pero, Suite 302
San Antonio, Texas 78232
*Counsel for Plaintiffs*

_____
LESLIE LOCKHART

Civil Action No. _____
Hilario and Maria E. Pena v. Travelers Lloyds of Texas Insurance
Company and Joey Ramon

# EXHIBIT "A"

to

## DEFENDANT'S NOTICE OF REMOVAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HILARIO PENA AND           :
MARIA E. PENA            :
    *Plaintiffs,*          :
                        :     CIVIL ACTION NO. _____
VS.                     :
                        :
TRAVELERS LLOYDS OF TEXAS    :
INSURANCE COMPANY        :
AND JOEY RAMON         :
    *Defendants,*        :

## AFFIDAVIT OF JEFFREY SCOTT SLACK

STATE OF MINNESOTA     §
                              §
COUNTY OF RAMSEY      §

      Before me, the undersigned authority, personally appeared Jeffrey Scott Slack who, being by me duly sworn, deposed as follows:

1.    "My name is Jeffrey Scott Slack. I am of sound mind, over the age of twenty-one (21) years, legally capable of making this affidavit, and have personal knowledge of the facts herein stated, which are all true and correct.

2.    The Travelers Lloyds of Texas Insurance Company ("Travelers Lloyds Texas") is an unincorporated insurance association comprised of individual underwriters, authorized to conduct business in Texas as a "Lloyds Plan" insurer under the Texas Insurance Code. As a "Lloyds Plan" insurer, Travelers Lloyds Texas has designated an attorney-in-fact in Texas as provided under Texas law. Travelers Lloyds Management Company is the attorney-in-fact in Texas for Travelers Lloyds Texas.

3.    I am Vice-President and General Counsel for Travelers Lloyds Management Company the attorney-in-fact for Travelers Lloyds Texas, the Defendant in this action. As part of my employment, I have personal knowledge regarding the structure of Travelers Lloyds Texas and the identity and location of its underwriters.

4.    The following individuals are currently the underwriters of Travelers Lloyds Texas, and they reside in and are citizens of the states appearing next to their names:

a. James W. Chapman               Connecticut
b. James B. Coyle III              Connecticut
c. Bruce G. Earwaker               Connecticut
d. Brian J. Hoffman                Connecticut
e. Bruce R. Jones                  Connecticut
f. Donald C. Mahoney               Connecticut
g. Elaine Montgomery-Baisden       Connecticut
h. John R. Nealon                  Connecticut
i. Richard D. Schug                Connecticut
j. Richard A. Waskiewicz           Connecticut
k. Mary O. Woods                   Connecticut

5.    None of the underwriters of Travelers Lloyds Texas resides in or is a citizen of Texas."

FURTHER AFFIANT SAYETH NOT.

_____
Jeffrey Scott Slack

SWORN TO AND SUBSCRIBED before me on this the ___ day of September, 2016.

_____
Notary Public In and For the State of Minnesota

My Commission expires: 1/31/2017

ANNETTE E. ORTT
Notary Public
Minnesota
My Commission Expires January 31, 2017

2

Civil Action No. _____
Hilario and Maria E. Pena v. Travelers Lloyds of Texas Insurance
Company and Joey Ramon

# EXHIBIT "B"

to

# DEFENDANT'S NOTICE OF REMOVAL

FILED
2015-DCL-05960
9/25/2015 11:32:40 AM
Eric Garza
Cameron County District Clerk
By Cindy Medrano Deputy Clerk
7099314

2015-DCL-05960

CAUSE NO. _____

| | | |
|---|---|---|
| HILARIO PENA AND | § | IN THE DISTRICT COURT |
| MARIA E. PENA | § | |
| | § | Cameron County - 107th District Court |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| JOEY RAMON | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs HILARIO PENA and MARIA E. PENA, file this Original Petition against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and JOEY RAMON ("RAMON" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs reside in Cameron County, Texas.

Defendant TRAVELERS is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

Defendant, JOEY RAMON, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 2593 E. Grant Street, Roma, Texas 78584, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Cameron County, Texas because all or part of the conduct giving rise to the causes of action were committed in Cameron County, Texas and the Plaintiffs and property which is the subject of this suit are located in Cameron County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

2

## IV.
## FACTS

Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiffs own the insured property, which is specifically located at 25958 Meredith Street, La Feria, Texas 78559 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, Plaintiffs sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy. Plaintiffs asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT, conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs.

3

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

4

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

5

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A.    BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.  Defendant's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.    UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an

6

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

      2.    **THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by

7

the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the ADJUSTER DEFENDANT, RAMON, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

8

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to RAMON who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiffs' property on or about August 24, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, RAMON, ignored covered damages including but not limited to the roof, fascia, soffit, windows, window screens and wood fence. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about August 24, 2015, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

9

The Plaintiffs provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiffs allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiffs provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiffs made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiffs have not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiffs.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of DEFENDANTS' mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

11

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

12

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that DEFENDANTS provide the information required in a Request for Disclosure.

### XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiffs may be justly entitled.

13

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Facsimile:    (210) 490-8372

BY: _/s/Robert A. Pollom_
      Robert A. Pollom
      State Bar No. 24041703
      robert@krwlawyers.com
      Mahsa Tajipour
      State Bar No. 24050163
      mahsa@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**

14

Civil Action No. _____
Hilario and Maria E. Pena v. Travelers Lloyds of Texas Insurance
Company and Joey Ramon

# EXHIBIT "C"

to

# DEFENDANT'S NOTICE OF REMOVAL

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-2965-15-C**

| | | |
|---|---|---|
| ROEL G. CASTRO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | |
| AND JORDAN SULLIVAN | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ROEL G. CASTRO, files this Original Petition against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and JORDAN SULLIVAN ("SULLIVAN" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

## II.
## PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

Defendant TRAVELERS is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

Defendant, JORDAN SULLIVAN, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 264 Nomad Lane, Cibolo, Texas 78108, or wherever else he may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

2

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1009 Shawnee Bend Road, San Juan, Texas 78589 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its

3

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an

4

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law

5

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

firm who is representing Plaintiff with respect to these causes of action.

**V.**

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.    UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

6

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and

7

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, SULLIVAN, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

8

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2965-15-C**

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to JORDAN SULLIVAN who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about September 29, 2014. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Sullivan, ignored covered damages including but not limited to the master bedroom, commode, closets, living area, half bath, entry/foyer, formal dining room, hallway, hall bath, bedrooms, pantry and laundry room. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about September 29, 2014, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the

9

**C-2965-15-C**

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2965-15-C

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the

11

**C-2965-15-C**

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

12

**C-2965-15-C**

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury,

13

**C-2965-15-C**

Electronically Filed
7/13/2015 4:58:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

which will be a sum within the jurisdictional limits of this Court; for costs of suit; for

interest on the judgment; for pre-judgment interest; and, for such other and further relief, in

law or in equity, either general or special, including the non-monetary relief of declaratory

judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly

entitled.


Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372


BY:     /s/Robert A. Pollom
    Robert A. Pollom
    State Bar No. 24041703
    robert@krwlawyers.com
    Mahsa Tajipour
    State Bar No. 24050163
    mahsa@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**


14

Civil Action No. _____
Hilario and Maria E. Pena v. Travelers Lloyds of Texas Insurance
Company and Joey Ramon

# EXHIBIT "D"

to

# DEFENDANT'S NOTICE OF REMOVAL

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-2787-15-A**

| | | |
|---|---|---|
| JOSE MAGALLAN | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| THE TRAVELERS HOME AND | § | |
| MARINE INSURANCE COMPANY | § | |
| AND DENTON RUSSELL | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JOSE MAGALLAN, files this Original Petition against THE TRAVELERS HOME AND MARINE INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and DENTON RUSSELL ("RUSSELL" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

Defendant TRAVELERS is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else its registered agent may be found may be found.

Defendant, DENTON RUSSELL, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 8318 Deerview Lane, San Antonio, Texas 78255, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

2

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 9115 North 26th Lane, McAllen, Texas 78504 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover

3

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice

4

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

5

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice

6

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## 2.   THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

7

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

## VI.
### CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

**A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs.  At all pertinent times, RUSSELL,

the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by

the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and

his agents constitute one or more violations of the Texas Insurance Code.   More

specifically, the ADJUSTER DEFENDANT has, among other violations, violated the

following provisions of the Code:

> 1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).
>
> 2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The   foregoing   paragraphs   are   incorporated   herein.   The   INSURANCE

DEFENDANT assigned the loss and the claim to DENTON RUSSELL who was at all

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about November 28, 2014. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, RUSSELL, ignored covered damages including but not limited to the roof, soffit, fascia and gutter. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about December 1, 2014, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

9

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by

10

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

12

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

### XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Electronically Filed
6/29/2015 10:54:49 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2787-15-A**

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372


BY:_____ */s/ Robert A. Pollom*_____
             Robert A. Pollom
             State Bar No. 24041703
             robert@krwlawyers.com
             Chris Mazzola
             State Bar No. 24069114
             chris@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

Civil Action No. _____
Hilario and Maria E. Pena v. Travelers Lloyds of Texas Insurance
Company and Joey Ramon

# EXHIBIT "E"

to

# DEFENDANT'S NOTICE OF REMOVAL

Filed 12/8/2014 12:12:32 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Rosie Garcia, Deputy

CAUSE NO. 14-12-53992-CV

| | | |
|---|---|---|
| BERTA RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| MEREDITH BOONE-MATLOCK | § | JIM WELLS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BERTA RODRIGUEZ, files this Original Petition against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and MEREDITH BOONE-MATLOCK ("BOONE-MATLOCK" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Jim Wells County, Texas.

1

Defendant TRAVELERS INSURANCE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218, or wherever else it may be found.

Defendant, MEREDITH BOONE-MATLOCK, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 2546 Somerall, San Antonio, Texas 78248, or wherever else she may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Jim Wells County, Texas because all or part of the conduct giving rise to the causes of action were committed in Jim Wells County, Texas and the Plaintiff and property which is the subject of this suit are located in Jim Wells County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

2

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowners Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 503 S. Cameron, Alice, Texas 78332 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation,

3

although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.   INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to

4

investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law

5

firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above,

6

of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or

7

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs.    At all pertinent times, BOONE-MATLOCK, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

8

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to MEREDITH BOONE-MATLOCK who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

9

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by

10

Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and

11

necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

12

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372

BY:_____ /s/ Robert A. Pollem_____

Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Chris Mazzola
State Bar No. 24069114
chris@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

14

EFILE 12/08/2014

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 14-12-53992-CV          COURT *(FOR CLERK USE ONLY)*: _____

STYLED BERTA RODRIGUEZ v TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY et al
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Robert A. Pollom | Email:<br><br>Heather@krdwlawyers.com | Plaintiff(s)/Petitioner(s):<br><br>Berta Rodriguez | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br><br>16500 San Pedro, Suite 302 | Telephone:<br><br>(210) 490-7402 | _____<br>Defendant(s)/Respondent(s):<br><br>Travelers Lloyds of Texas | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br><br>San Antonio, TX 78232 | Fax:<br><br>(210) 490-8372 | Insurance Company et al | _____<br>Non-Custodial Parent:<br> |
| Signature:<br><br> | State Bar No:<br><br>24041703 | _____<br>[Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>☐Other Injury or Damage: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | **Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

# KRW

## KETTERMAN ROWLAND & WESTLUND

EFILE 12/08/2014

16500 SAN PEDRO • SUITE 302 • SAN ANTONIO, TX 78232 • TELEPHONE 210-490-4357 FAX 210-490-8372
KRWLAWYERS.COM

KEVIN S. BAKER
PHILIP G. BERNAL ♦
DOUGLAS D. KETTERMAN ♦
MATTHEW D. KETTERMAN
MICHELLE C. LE
CHRIS MAZZOLA
JAY MOORE
ROBERT A. POLLOM
MICHAEL R.ROWLAND
BRIAN C. STEWARD
R. SCOTT WESTLUND

♦ BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

December 5, 2014

Jim Wells County District Court
200 North Almond Street
Alice, Texas 78332

*VIA e-filing*

14-12-53992-CV

RE: ***BERTA RODRIGUEZ v TRAVELERS LLOYDS OF TEXAS INSURANCE
COMPANY AND MEREDITH KRISTIN BOONE- MATLOCK***

Dear Clerk:

With regard to the above-referenced matter, please issue one (1) citation for service on the following Defendant:

**Travelers Lloyds of Texas Insurance Company**
**By serving its registered agent**
**Corporation Service Company**
**211 East 7ᵗʰ Street Suite 620**
**Ausitn, Texas 78701**

**Meredith Boone- Matlock**
**2546 Somerall**
**San Antonio, Texas 78248**

We have paid for said citations and copies via e-filing. Therefore, we would request the filed-stamped Plaintiff's Original Petitions and citations be mailed directly to our office. We will perfect service by private process.

Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

Respectfully,

/s/ Michelle Salcido

Michelle Salcido
Legal Secretary

/ms

Civil Action No. _____
Hilario and Maria E. Pena v. Travelers Lloyds of Texas Insurance
Company and Joey Ramon

# EXHIBIT "F"

to

## DEFENDANT'S NOTICE OF REMOVAL

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-4938-14-D**

| | | |
|---|---|---|
| FREDERICO SANDOVAL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| COREY KRONK | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff FREDERICO SANDOVAL, files this Original Petition against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("TRAVELERS" or the "INSURANCE DEFENDANT"), and COREY KRONK ("KRONK" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

Defendant TRAVELERS is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else he may be found.

Defendant, COREY KRONK, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 14434 Devout, San Antonio, Texas 78247 or wherever else he may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Electronically Filed ·
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

Plaintiff owns the insured property, which is specifically located at 219 South Cypress Circle, Pharr, Texas 78577 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

3

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its

4

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract

5

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

      **1.    UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

## 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

7

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4938-14-D

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

### A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs.   At all pertinent times, KRONK, the

ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas

Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents

constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER

DEFENDANT has, among other violations, violated the following provisions of the Code:

1.   Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.   Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT

assigned the loss and the claim to COREY KRONK who was at all pertinent times the agent of the

8

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-4938-14-D

INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4938-14-D

payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-4938-14-D

DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

11

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary

Electronically Filed
5/5/2014 11:28:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4938-14-D**

relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Facsimile:    (210) 490-8372

BY:    /s/ Robert A. Pollom
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Michelle C. Le
State Bar No. 24085427
michellel@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**